**SO ORDERED: January 31, 2018.**



_____
James M. Carr
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| BRADLEY HOWARD CHALLIS and | ) Case No. 17-01854-JMC-7 |
| KRISTEN ELIZABETH CHALLIS, | ) |
| | ) |
| Debtors. | ) |
| | ) |

### ORDER CONDITIONALLY GRANTING UNITED STATES TRUSTEE'S
### MOTION TO DISMISS PURSUANT TO 11 U.S.C. § 707(b)

THIS MATTER comes before the Court on the *United States Trustee's Motion to Dismiss Pursuant to 11 U.S.C. §§ 707(b)(1) and (2)* filed by Nancy J. Gargula, United States Trustee ("UST"), on May 31, 2017 (Docket No. 19) (the "Motion"). The Court, having reviewed the Motion, the *Objection to United States Trustee's Motion to Dismiss Case for Abuse under 11 U.S.C. § 707(b)* filed by Bradley Howard Challis and Kristen Elizabeth Challis (the "Debtors") on June 19, 2017 (Docket No. 30), *Official Form 122A – 1, Chapter 7 Statement of Your Current Monthly Income* filed by Debtors on June 19, 2017 (Docket No. 31) (the "Amended Means Test Form"), the *Stipulation by United States Trustee and Debtors Concerning Exhibits, Facts, Issues, and Witnesses for Hearing on Motion to Dismiss* filed on

September 22, 2017 (Docket No. 40) (the "Stipulation"), all exhibits admitted into evidence at a hearing on September 25, 2017 (the "Hearing"), the *Brief in Opposition to United States Trustee's Motion to Dismiss Pursuant to 11 U.S.C. §§ 707(b)(1) and (2)* filed by Debtors on November 1, 2017 (Docket No. 46) ("Debtors' Brief"), and the *Brief in Support of United States Trustee's Motion to Dismiss Pursuant to 11 U.S.C. §§ 707(b)(1) and (2)* filed by UST on November 27, 2017 (Docket No. 47), having heard and considered the representations and arguments of counsel for UST and counsel for Debtors at the Hearing, and being otherwise duly advised, now **CONDITIONALLY GRANTS** the Motion.

*Findings of Fact*

The parties stipulated to, and the Court therefore finds, the following facts:[1]

1.  The United States Trustee filed her *Motion to Dismiss Pursuant to 11 U.S.C. § 707(b)(a) and (2)* (the "Motion to Dismiss") on May 31, 2017, Docket No. 19.

2.  The Debtors filed a petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Case") on March 21, 2017 (the "Petition Filing Date").

3.  The Debtors are individuals whose debts appear to be primarily consumer in nature.

4.  The Debtors lived in Howard County, Indiana on the Petition Filing Date, and accordingly filed their petition in the Southern District of Indiana. The Debtors have a household size of four, consisting of themselves and two children.

5.  As of the Petition Filing Date, the applicable median family income for a family of four living in the state of Indiana was $76,600.

---

[1] These facts are found by the Court as they are included verbatim in the Stipulation.

6. The Debtors disclose Current Monthly Income ("CMI) of $6,282.36 for Mr. Challis and $2,533.89 for Ms. Challis on Trustee's Exhibit 2, the Debtors' first-filed Form 122A. These amounts equal an annual household CMI of $105,795.

7. The Debtors disclose Current Monthly Income ("CMI) of $6,196.52 for Mr. Challis and $2,722.60 for Ms. Challis on Trustee's Exhibit 3, the Debtors' amended Form 122A. These amounts equal an annual household CMI of $107,029.44.

8. The Debtors list unsecured debts totaling $26,739.52 on Schedule F of their Schedules.

9. On Line 56 of Form 122A, the Debtors disclosed a payment of $363.59 per month for repayment of a 401k loan. Assuming that the Debtors continue making monthly payments of $363.59, the 401k loan will be paid in full on _____, 201__.[2]

10. On Schedule I, Line 8, the Debtors disclose an expense of $400 per month for childcare. Ms. Challis testified at the Debtors' 11 U.S.C. § 341 meeting of creditors that the correct amount for the childcare expense is $433 per month.

The Court finds the following additional facts:

11. The Amended Means Test Form (Trustee's Exhibit 3) is Debtors' most coherent sworn statement regarding Debtors' contention that granting the relief requested by Debtors' chapter 7 petition would not constitute an abuse justifying dismissal of this Case under Bankruptcy Code § 707(b).[3]

12. At the Hearing, Debtors' counsel conceded that Debtors' repayment of a 401(k) loan should not be included among the "special circumstances" that the Court should consider

---

[2] This date was not included in the Stipulation; presumably, it is a date short of the 60-month repayment period for a chapter 13 plan that might be filed by Debtors were this case commenced under chapter 13.

[3] All statutory references herein are to the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

under § 707(b)(2)(B) to determine if Debtors have rebutted any presumption of abuse. Therefore, the Court should ignore the $363.59 monthly deduction claimed in line 43 of the Amended Means Test Form.

13.     Debtors' monthly disposable income, calculated using their Amended Means Test Form (even after allowing all expenses or adjustments referred to in § 707(b)(2)(B)(i)),[4] is no less than $404.92 (the "Debtors' Best Net Amount"). Multiplying Debtors' Best Net Amount by 60 yields $24,295.20.

*Reasoning*

Under § 707(b), the Court may dismiss a chapter 7 case (or convert the case to chapter 13 with a debtor's consent) if the Court finds that granting relief under chapter 7 would constitute an "abuse." A presumption of abuse arises if a debtor's "current monthly income" (a term defined in § 101(10A)) reduced by certain expenses and multiplied by 60 is equal to or greater than (1) 25% of the debtor's allowed nonpriority unsecured claims, or (2) $12,850. *See* § 707(b)(2).

Here, Debtors concede that such a presumption of abuse would exist using a "mechanical" calculation of their income and allowable expenses for the six months prior to the Petition Filing Date under § 707(b)(2). However, Debtors assert that certain "special circumstances" exist that should be found to rebut the presumption of abuse under § 707(b)(2)(B). Debtors bear the burden to prove the existence and amount of any such special circumstances and must do so by attestation under oath. *See* § 707(b)(2)(B)(i), (ii) and (iii).

Debtors' best and most coherent sworn statement in support of their effort to rebut the presumption of abuse is the Amended Means Test Form. Debtors did not testify at the Hearing to provide evidence to further amend the Amended Means Test Form. However, Debtors'

---

[4]     The Court has not concluded that all such expenses and allowances included on the Amended Means Test Form should be allowed as "special circumstances."

counsel conceded at the Hearing that the amount of $363.59, asserted as a special circumstance monthly deduction for a 401(k) loan on line 43 of the Amended Means Test Form, does not qualify as a special circumstance under § 707(b)(2)(B).

Eliminating the 401(k) amount as a special circumstances deduction on the Amended Means Test Form, but including the $828.69 special circumstance deduction for loss of overtime and a Christmas bonus on the Amended Means Test Form,[5] yields a monthly disposable income of $404.92. Multiplying that monthly number by 60 yields $24,295.20. So even if the Court were to decide that loss of overtime and a one-time Christmas bonus were special circumstances (which it has not decided), Debtors would still exceed both thresholds for abuse in § 707(b)(2)(A)(i) and (B)(iv).

In Debtors' Brief, Debtors' counsel argued that different amounts should be considered as special circumstance deductions on account of the anticipation that Debtors will not receive as much overtime pay or a Christmas bonus as were realized during the six months prior to the Petition Filing Date. In Debtors' Brief, those numbers increased from $828.69 to a combined $1,066.74. (Debtors' Brief, p. 3.) However, those higher amounts were not supported by sworn testimony as required by § 707(b)(2)(B)(iii). Debtors have not sustained their burden to prove by sworn testimony that any such different amounts should be deducted, because they have failed to so prove that those amounts are "known or virtually certain" not to recur during the 60-month period of a hypothetical chapter 13 plan that might be proposed. *See Hamilton v. Lanning*, 560 U.S. 505, 130 S.Ct. 2464, 177 L.Ed.2d 23 (2010).[6] Therefore, Debtors have failed

---

[5] At the Hearing, Debtors' counsel clarified that the $828.69 line item included both the loss of overtime (approximately $305) and the Christmas bonus (net of taxes, approximately $525).

[6] In *Hamilton*, the Supreme Court was faced with the issue of whether, in determining a debtor's "projected disposable income" under § 1325(b)(1)(B), courts should consider likely significant changes post-petition in a chapter 13 debtor's income and allowed expenses from such income and expenses during the six-month "testing" period. In this case, the Court has to determine Debtors' "current monthly income" under § 707(b). The Court may have to judge the significance in the difference between "projected" and "current" in another case.

to sustain their burden of proof with respect to any higher amount for special circumstances.

Debtors also assert that the Court should not look to the six-month period prior to the Petition Filing Date but rather the six-month period starting on the Petition Filing Date (the "Alternate Period"), as the Court would otherwise be able to do pursuant to § 101(10A)(A)(ii). The plain language of § 101(10A)(A)(ii) prevents the Court from looking at the Alternate Period because that option is only available if a debtor "does not file the schedule of current income required by section 521(a)(1)(B)(ii)" and, in this Case, Debtors filed such schedule. Therefore, the proper look-back "testing" period is the six months prior to the Petition Filing Date. Moreover, in Debtors' Brief, there is a different income number for the Alternate Period (Debtors' Brief, p. 3), but the Court could not consider such number, even if the Alternate Period were the correct "testing" period, because such number is not supported by sworn testimony.

*Conclusion*

For the foregoing reasons, the Court CONDITIONALLY GRANTS the Motion and will DISMISS this Case, subject to the conditions that (1) the dismissal will not take effect until 30 days after the entry of this order, and (2) will not take effect if Debtors consent to conversion of this Case to a case under chapter 13 and so convert this Case within 30 days. If Debtors file a notice of consent to conversion, the Case will be automatically converted to a case under chapter 13 pursuant to § 707(b)(1).

IT IS SO ORDERED.

# # #